**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CLIMATE INVESTIGATIONS CENTER | ) | |
| 104A South Columbus St. | ) | |
| Alexandria, VA 22314 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:16-cv-124 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| ENERGY | ) | |
| 1000 Independence Ave., SW | ) | |
| Washington, DC 20585 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.      This is a challenge to numerous violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 522 *et seq.*, by the United States Department of Energy (DOE) and DOE components, National Energy and Technology Laboratory (NETL) and Office of Fossil Energy (FE).  Defendant is improperly withholding agency records.  In response to a FOIA request submitted by Dan Zegart of the Climate Investigations Center (CIC), an association of advocates, bloggers and researchers, DOE and its component entities violated FOIA by failing to conduct an adequate search of records, failing to reply to a FOIA request within statutory time limits, withholding documents and records in contravention of FOIA, failing to respond with an adequate explanation for withholding information and materials, and withholding portions of requested documents based on an improper application of FOIA exemptions in response to CIC's initial request and  appeals and in response to a remand order by the United States Department of Energy Offices of Hearing and Appeals.

1

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1391.

**Parties**

4.      Climate Investigations Center (CIC) is a not-for-profit association of writers and advocates that uses research to inform the public, the media, and policy makers on energy and climate change issues.  CIC utilizes its extensive network in print and television media as well as its own online platforms to educate people on these issues.  In particular, CIC provides information on the influence of corporations, trade associations, and individuals that seek to impact climate change and energy policy.   Members of CIC, including freelance investigative journalist Dan Zegart, regularly brief reporters and policy-makers on their research findings.

5.      Obtaining public information from the government about decisions that affect the use of energy resources as well as decisions made to address climate change is essential to fulfilling the mission of CIC.

6.      Defendant United States Department of Energy (DOE) is an agency established by the Executive Branch of the United States, and is an agency within the meaning of FOIA. DOE is responsible for responding to FOIA requests for records which DOE and its component entities maintain.  DOE is also responsible for administering appeals of FOIA determinations by its component offices.  The National Energy Technology Lab is a laboratory owned by DOE and is a component entity of DOE.  The Office of Fossil Energy (FE) is also a component entity of

DOE.  DOE and its component entities have possession, custody, and control of records to which Plaintiff seeks access through FOIA.

7.     Plaintiff is adversely affected by the DOE's improper denial of requests under FOIA.  Without the information requested, Climate Investigations Center cannot provide the media, policy-makers, or the public with information that is the subject of the request. Defendants' actions impede Plaintiff's ability to fulfill its organizational mission regarding the issue presented in Plaintiff's FOIA request.  CIC's request for records is particularly pressing in light of the recent flurry of national and international policy activity regarding energy use and climate change.

### Statutory Framework

8.     The Freedom of Information Act (FOIA) requires federal government agencies to release information upon proper request unless it is shown that disclosure is exempt pursuant to one of nine exemptions contained within the statute.  5 U.S.C. §§ 552(a), (b).

9.     Pursuant to 5 U.S.C. § 522 (a)(6)(A)(i), a federal agency shall make a determination in response to a FOIA request within 20 working days, shall immediately notify the requester of the determination, and shall provide reasons for the agency's determination as well as instructions for appeal.

10.     FOIA provides that "[a]ny person making a request for agency records . . . shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 522(a)(6)(C)

11.     FOIA provides this Court jurisdiction to order Defendant to provide Plaintiff with the records requested.  5 U.S.C. § 552(a)(4)(B).

12.     This Court may assess attorney fees and litigation costs against the United States if Plaintiff substantially prevails in this action.  5 U.S.C. § 522(a)(4)(E).

## Statement of Facts

### DOE, FE, and NETL Possess Information Responsive to CIC's FOIA Request.

13.     The Clean Coal Power Initiative (CCPI) program is a cost-sharing partnership between government and industry to develop and demonstrate coal-based power generation technologies.  CCPI is a program administered by the Department of Energy (DOE) through the Office of Fossil Energy (FE).  FE is also responsible for the fossil energy elements of the American Recovery and Reinvestment Act of 2009.  FE includes the National Energy Technology Laboratory (NETL) within its organization.  NETL awards funding to private sector companies based on certain criteria under the Clean Coal Power Initiative.

14.     Southern Company is an energy-based holding company headquartered in Atlanta, Georgia.  It is the parent company of and owns all of the common stock of Alabama Power Company, Georgia Power Company, Gulf Power Company, and Mississippi Power Company.  Southern Company receives substantial support from DOE through federal loan guarantees and other programs.

15.     In February 2004, Southern Company was selected by DOE for a project to demonstrate advances in coal gasification systems as part of phase two of the CCPI program. The Cooperative Agreement, or contract, for this project was signed by Southern Company Services (SCS), a wholly owned subsidiary of Southern Company on January 30, 2006.  The agreement concerned a Transport Integrated Gasification (TRIG) demonstration unit to be built

by SCS in Orlando, Florida.  In 2007, prior to construction of the demonstration unit, the

activities in Orlando were canceled.

16.     In December 2008, DOE modified the Cooperative Agreement granting approval

to relocate the demonstration unit to Kemper County, Mississippi.  This modification allowed

Southern Company to maintain its DOE funding, which totaled $293 million, only $23 million of

which had been spent in Orlando.  This left another $270 million for costs in Kemper County.

The modification guaranteed DOE funding to Mississippi Power for developing the Kemper

County facility and approved more than doubling the size and increasing the complexity of the

proposed facility as well as moving the demonstration project from Florida to Mississippi.

17.     The Kemper County Energy Facility is designed to be an electric power plant

using an integrated gasification combined cycle design called TRIG technology.  Additional

companies involved in the Kemper County project include Mississippi Power Company (MPC),

a wholly-owned subsidiary of Southern Company, and Kellogg, Brown and Root (KBR).

Because of the modified Cooperative Agreement, MPC received a $270 million grant from the

Department of Energy for the project and $133 million in investment tax credits approved by the

Internal Revenue Service.

18.     MPC and Southern Company executives and agents submitted correspondence to

DOE advocating for the 2008 modification.  Additionally, then governor of Mississippi Haley

Barbour expressed his support for the modification to DOE employees and officials.  As a

subsidiary of Southern Company, Mississippi Power is a client of the lobbying firm BGR Group

(Barbour, Griffith, and Rogers).  BGR requested and secured a meeting with Mississippi

Governor Haley Barbour, former DOE Secretary Bodman, David Ratcliff, Chairman, President

and CEO of Southern Company, and Anthony Topazi, President of Mississippi Power Company

to discuss allowing the remaining CCPI funding for the Cooperative Agreement to be used in Kemper County, Mississippi.  BGR has publicly claimed to have helped secure the approval of the modification of the original Cooperative Agreement between DOE and Southern Company.

## DOE, FE, and NETL Failed to Provide a Complete and Timely Response to Climate Investigation Center's FOIA Request.

19.     On March 29, 2015 Dan Zegart submitted a FOIA request on behalf of the Climate Investigations Center (CIC) through the DOE website.  Mr. Zegart requested, for the period beginning January 1, 1998 and ending December 31, 2011, "[e]mails, letters, faxes, memoranda and other communications, including records of any contacts or meetings between or concerning the National Energy Technology Laboratory and parties listed below concerning the development, funding and/or construction and implementation of "clean coal" technology . . . in particular, carbon capture and storage (CCS) technologies developed at or in conjunction with DOE's National Energy Technology Laboratory or the Power Systems Development Facility . . . including but not limited to the Transport Integrated Gasification (TRIG) process."  He also requested any materials regarding the siting decision for such projects in Florida and later Mississippi from the same aforementioned time period.   Parties listed in Mr. Zegart's request included the BGR Group and its principals, including but not limited to Haley Barbour, Ed Rogers, Lanny Griffith, and Bob Wood.

20.     After Mr. Zegart made inquiries regarding the status of his FOIA request, R. Paul Detwiler, Chief Counsel of NETL provided a partial response 100 days following the FOIA request on July 7, 2015.  The partial response contained largely publicly available information obtainable from the internet.  A flash drive was enclosed which included some correspondence;

however, certain information from the Cooperative Agreement between DOE and Southern Company and the modification of the Cooperative Agreement was redacted under FOIA Exemptions b(4) and b(5), including signatures to the agreement.  The redacted material was not otherwise described.  The letter stated "NETL is in the process of collecting more documents responsive to your request…working with Southern Company and DOE Headquarters in identifying the information in these documents for possible discretionary release."  No date was offered as a timetable for further production.

21.     On June 26, 2015, FOIA officer Ann Dunlap, Kemper project manager Diane Madden participated in a conference call with Mr. Zegart and counsel for CIC to discuss the FOIA request.  Later the same day, Ms. Dunlap sent an email to Mr. Zegart stating "[w]e have started collecting documents and will do our best to answer your request."

22.     On June 29, 2015, Mr. Zegart, through counsel, provided additional information to assist DOE and its component entities with their search and production, stating specifically that given the passage of time, the documents should be produced on a rolling basis, with responsive documents made available as they were collected by DOE.

23.     On July 6, 2015 Mr. Zegart, on behalf of Climate Investigations Center, appealed to DOE's Office of Hearings and Appeals challenging Defendants' decision not to release records requested under FOIA and for the constructive denial of records requested.  Plaintiff challenged the decision because of the failure to provide a timely response and the assertion of unsupported FOIA exemptions.

24.     On August 6, 2015 NETL Chief Counsel provided a second partial response. None of the information contained in the documents provided in this second response, which

again consisted of publicly-available information, were redacted and NETL stated it was still identifying records for discretionary release.

25.     On August 17, 2015 NETL Chief Counsel sent a letter to Mr. Zegart acknowledging an appeal filed with the Office of Hearing and Appeals and withdrawing of the July 7, 2015 partial determination letter.  The August 17, 2015 response would, according to his letter, replace the July 7, 2015 response.  The new partial determination provided another copy of a partially redacted cooperative agreement and modifications with an indication of designated exemptions, either Exemptions 4 or 6, next to redacted materials.  Additionally, the partial determination letter stated that the "[r]elease of this information is not in the public interest and does not shed light on the operations or activities of the Government."

26.     August 28, 2015 NETL provided another partial response with redactions purportedly under FOIA Exemptions 4 and 6, but it neglected to provide sufficient explanation for the application of those exemption and the redactions made.

27.     On September 9, 2015, Mr. Zegart, on behalf of the Climate Investigations Center, issued a second appeal to the Director of the Office of Hearings and Appeals, Department of Energy for DOE and NETL's failure to respond to Mr. Zegart's FOIA request in a timely matter according to 5 U.S.C. § 522(a)(6)(A)(i); for failure to provide responsive records; and for the decision not to release records requested in the initial March 29, 2015 FOIA request.

28.     On September 21, 2015 Alexander C. Morris, FOIA Officer for the Office of Information Services, Department of Energy sent a letter to Mr. Zegart stating that part of Mr. Zegart's request falls under the jurisdiction of the DOE's Office of Fossil Energy and a search would be conducted there.  As of the date of this pleading, no responsive records or determination letter has been received from FE.

29.     On October 9, 2015 NETL Chief Counsel sent a letter to Dan Zegart with enclosures, some of which had been redacted purportedly under FOIA Exemption 4 and 6. During NETL's review of these materials, "items were sent to Southern Company so it could identify information that it believed was proprietary or business confidential information." Additionally, NETL stated that it was continuing to collect responsive documents.

### DOE Office of Hearings and Appeals Wrongful Application of FOIA Exemptions.

30.     DOE Office of Hearings and Appeals (OHA) issued a Determination and Order pertaining to the second appeal filed by Mr. Zegart on behalf of CIC on September 9, 2015. The determination stated that OHA had no jurisdiction to address the failure of DOE to process a FOIA within the time specified by law.

31.     Regarding redactions contained in the August 17, 2015 response, OHA remanded for review material withheld under FOIA Exemption 4 contained in the Cooperative Agreement as well as names and contact information withheld under Exemption 6. Upon remand, NETL was instructed by OHA to either provide a detailed analysis, explain how another FOIA exemption applied, or release the information in the Cooperative Agreement discussed on appeal.

32.     Regarding the August 28, 2015 partial determination, OHA reviewed information withheld under FOIA Exemptions 4, 5, and 6. Although not actually discussed in the August 28, 2015 letter, the Decision and Order states that NETL asserted attorney-client privilege, attorney work-product exemption, and executive deliberative process privilege under FOIA Exemption 5 in that correspondence. The Decision asserted that documents created by Southern Company for the Clean Coal Power Initiative project are protected under Exemption 5 under the "common interest" doctrine. OHA also upheld redactions applying Exemption 5 to email content and

attachments contained in the August 28, 2015 partial determination. The Order also stated that

on remand NETL should identify specific privacy interests involved with the redacted names and

contact information and weigh them against any public interest in disclosure, but that Southern

Company employee names and contact information contained within a Financial Assistance

Negotiation Memorandum were properly redacted under Exemption 6. OHA remanded to

NETL to release or issue another letter to justify withholding information under FOIA

Exemption 4 in the "Selection Statement for Financial Assistance."


## DOE and NETL Submitted a Response to the Office of Hearings and Appeals Decision and Order.

33.    On December 2, 2015, NETL sent Mr. Zegart a modified version of the

Cooperative Agreement between Southern Company Services (SCS) and DOE which was signed

in 2008. The copy of the Cooperative Agreement provided in this response removed redactions

under FOIA Exemption 4 according to the order from OHA. The Cooperative Agreement,

however, still showed redactions including names of signatories to the Cooperative Agreement

and Southern Company participants under FOIA Exemption 6.

34.    Four internal memoranda were provided under separate cover to Mr. Zegart, also

on December 2nd, but this was a new submission, apparently unrelated to the Decision and

Order from OHA. These documents also contained redactions. As of the date of the filing of

this complaint, no further material has been supplied to Mr. Zegart in response to the decision

and order from OHA.

35.    The statutory time limit for the response to Plaintiff's FOIA request has long

since expired, and Defendant's actions in withholding records is in violation of 5 U.S.C. § 552.

Plaintiff has yet to receive a complete response to its FOIA request. In addition, Defendant has

failed to properly apply the FOIA exemptions claimed or supply sufficient explanation for withholding records.

## CLAIMS FOR RELIEF

### Count One: Failure to Respond to CIC's FOIA Request

36.     Paragraphs 1-35 above are incorporated by references as if set forth fully herein.

37.     Plaintiff, the Climate Investigations Center, has exhausted the applicable administrative remedies with respect to Plaintiff's Freedom of Information Act request.

38.     FOIA requires a determination and the reasons for that determination in response to FOIA requests within 20 working days.  5 U.S.C. § 552(a)(6)(A)(i).

39.     DOE and its component entities are required to "make reasonable efforts to search for the records . . ." under 5 U.S.C. § 552(a)(3)(C).

40.      In response to a FOIA request, an agency must gather and review documents requested, determine and communicate what documents it intends to produce or withhold and the reasons for withholding any documents.  5 U.S.C. § 552(a)(6)(A)(i).  Defendants have failed in this regard.

41.      The agency must "make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request."  5 U.S.C. § 552 (a)(6)(F).  Defendants have failed in this regard.

42.     As of the date of this complaint, Defendants DOE, FE, and NETL have failed to provide a complete and final determination and reasons therefor in response to Plaintiff's FOIA request.

11

43.     Through the date of this pleading, Defendants have failed to conduct an adequate search for requested documents, failed to provide a summary explanation for withholding documents, and failed to provide responsive documents in violation of FOIA.  In doing so, DOE, FE, and NETL have wrongfully denied CIC's FOIA request.  CIC is being harmed by Defendants' delay and unlawful withholding of requested records.  CIC has not been able to provide the requested information to the public, media, or decision-makers as key international and national policy takes shape.

## Claim Two: Wrongful Withholding of Agency Records

44.     Paragraphs 1-43 above are incorporated by references as if set forth fully herein.

45.     DOE and NETL wrongfully claimed and failed to meet the agency's burden to show that FOIA exemptions 4, 5, and 6 apply to certain portions of the information requested in CIC's FOIA request and appeal.

46.     DOE and its component offices have not met the burden in proving that information sought by CIC, is trade secrets or confidential commercial information under 5 U.S.C. § 522(b)(4) (Exemption 4).

47.     DOE and NETL have not sufficiently demonstrated that certain documents, records, and materials sought by CIC regarding are deliberative process or otherwise privileged under 5 U.S.C. § 522(b)(5) (Exemption 5).

48.     DOE and NETL have not provided sufficient evidence that information requested may be withheld under Exemption 6 of FOIA which protects information about individuals in

"personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 522(b)(6).

49.     An agency must release "any reasonably segregable" portion of information that is not exempt under FOIA to the person requesting documents from the agency.  5 U.S.C. § 522(b).

50.     DOE and NETL failed to disclose information segregable from material which may be withheld under FOIA Exemptions 4, 5, and 6.

51.     DOE and NETL improperly asserted Exemptions 4, 5, and 6, 5 U.S.C. §§ 552(b)(4)-(6), and Defendants' failure to make promptly available all non-exempt documents responsive to Plaintiffs' FOIA request violates 5 U.S.C. § 552(a)(3)(A).

52.     Plaintiff is entitled to injunctive relief compelling the disclosure of the requested information.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1)     Order Defendants to provide access to the requested documents and declare that the Defendants illegally failed to respond to Plaintiff's FOIA request.

2)     Order Defendants to provide redacted or withheld information and declare that the Defendants wrongfully withheld information and wrongfully applied FOIA Exemptions 4, 5, and 6.

3)     Order that Defendants produce by a certain date all non-exempt records that are responsive to CIC's FOIA request along with a *Vaughn* index of any responsive records withheld under a claim of exemption.

4)      Grant the Plaintiff's costs of litigation, including reasonable attorney fees pursuant to 5 U.S.C. §552(a)(4)(E).

5)      Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Sharon Y. Eubanks*
Sharon Y. Eubanks,
Bordas & Bordas PLLC
7927 Jones Branch Dr. #2150
McLean, VA 22102
D.C. Bar No. 420147
(202) 440-1484

January 26, 2016