UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIMATE INVESTIGATIONS CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 16-cv-00124 (APM) ) |
| UNITED STATES DEPARTMENT OF ENERGY, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

I.

This Freedom of Information Act dispute comes before the court on its third round of summary judgment briefing. *See* Mem. of P. & A. in Supp. of Def.'s Second Renewed Mot. for Summ. J., ECF No. 37-1; Pl.'s Mem. in Supp. of Plaintiff's Second Renewed Cross-Mot. for Summ. J. and Opp. to Defendant's Second Renewed Mot. for Summ. J., ECF No. 38-1 [hereinafter Pl.'s Mot.]. In this round, Plaintiff Climate Investigations Center ("CIC") again challenges Defendant U.S. Department of Energy's ("DOE") withholding of certain responsive records concerning the funding and development of a clean-coal technology power plant in Mississippi, known as the "Kemper Project," and the adequacy of the search conducted. Specifically, Plaintiff contests: (1) the withholding of portions of eight documents under Exemption 5 pursuant to the deliberative process privilege and attorney-client privilege; (2) the withholding of an unredacted version of the 2008 version of the Cooperative Agreement under Exemption 6; and (3) Defendant's failure to search DOE's Office of the Secretary and Office of the General Counsel. As will be seen, Defendant contests some but not all of these issues.

The court eschews any recitation of the long history of this case, as it assumes that the parties are familiar with the facts and posture, and therefore turns immediately to the issues at hand.

II.

On a motion for summary judgment, a court must enter judgment in favor of the moving party if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable fact-finder could find for the nonmoving party, and a fact is "material" only if it is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view all the evidence in the light most favorable to the nonmoving party. *See id.* at 247–49.

A defendant agency in a FOIA case is entitled to summary judgment if it demonstrates that no material facts are in dispute, that it has conducted an "adequate search," and that all located responsive records have been produced to the plaintiff or are exempt from disclosure. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833, 840 (D.C. Cir. 2001). An "adequate search" is one that is "reasonably calculated to uncover all relevant documents." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The agency bears the burden of proving that it performed such a search, and it may rely on sworn affidavits or declarations to do so. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). The court may grant summary judgment to the agency based on this evidence if it is reasonably specific and contradicted by neither record evidence nor evidence of agency bad faith. *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 181–82 (D.D.C. 2011). A plaintiff can rebut an agency's supporting affidavits and declarations

by demonstrating, with "specific facts," that there remains a genuine issue as to whether the agency performed an adequate search for documents responsive to the plaintiff's request. *See Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

The agency also bears the burden of showing that it properly withheld materials pursuant to a statutory exemption. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.D.C. 2014). An agency may meet its burden "by submitting sufficiently detailed affidavits or declarations, a *Vaughn* index of the withheld documents, or both, to demonstrate that the government has analyzed carefully any material withheld and provided sufficient information as to the applicability of an exemption to enable the adversary system to operate." *Brennan Ctr. for Justice v. Dep't of State*, 296 F. Supp. 3d 73, 80 (D.D.C. 2017). "If the agency's affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without *in camera* review of the documents.'" *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 626 (D.C. Cir. 2011) (internal quotation marks omitted).

III.

To begin, Plaintiff argues that eight records continue to be improperly withheld or redacted under Exemption 5.[1] Defendant withheld portions of seven records pursuant to the deliberative process privilege and one record, identified as "Document 22," pursuant to the

---

[1] The specific documents at issue are Documents 22, 39, 41, 42, 43, 44, 47, 48, which are listed in the National Energy Technology Laboratory ("NETL") Revised *Vaughn* Index, ECF No. 44-1. *See* Pl.'s Mot. at 9–11; Pl.'s Reply in Supp. of Cross-Mot. for Summ. J. and Opp'n to Def.'s Second Renewed Mot. for Summ. J., ECF No. 43, at 4–5 (asserting that portions of Document 48, a redacted document entitled "Meeting Memorandum" were improperly withheld).

3

attorney-client privilege. *See* National Energy Technology Laboratory ("NETL") Revised Vaughn Index, ECF No. 44-1 [hereinafter Revised Index]. Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. § 552(b)(5). This exemption "protect[s] the decision making processes of government agencies," including "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotation marks and citation omitted); *see also Loving v. Dep't of Def.*, 550 F.3d 32, 38 (D.C. Cir. 2008). The exemption is intended to protect "frank discussion of legal or policy matters," which might otherwise "be inhibited if the discussion were made public." *Id.* (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 9 (1965)) (internal quotation marks omitted).

For the deliberative process privilege to apply, a document must be both "predecisional" and "deliberative." *Id.*; *see also Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). Material is "predecisional" if it "was generated before the adoption of an agency policy," and is "deliberative" if "it reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

As a preliminary matter, the court notes that Document 22, which Plaintiff argues was improperly withheld based on the attorney-client privilege, has since been released by Defendant. *See* Reply in Support of Defendant's Mot. for Summ. J. and Opp. to Plaintiff's Cross-Mot.,

ECF No. 41 [hereinafter Def.'s Reply], at 4.² Accordingly, both parties' motions are denied as moot as to Document 22.

As to the remaining seven documents, Plaintiff argues that "Defendant's supplemental declaration and *Vaughn* index do not provide adequate grounds to withhold documents pursuant to Exemption 5," Pl.'s Mot. at 9, because the "context of some of the previously redacted records demonstrates that the redacted material is primarily factual in nature, does not reflect agency deliberations, and is therefore improperly withheld," *id.* at 10. Plaintiff uses Document 39 as an example, contending that "NETL's summary explanation does little to explain how the material is deliberative, which parts are protected by attorney-client privilege, and further why there are not segregable factual portions disclosed in this five-page document." *Id.* at 10. Plaintiff further argues that the withholding of Document 39 shows a lack of good faith. *Id.* at 12–13. Defendant counters that its descriptions in the *Vaughn* Index "plainly establish[] that the redacted information is predecisional, deliberative, and covered by the deliberative-process privilege." Def.'s Reply at 2.

The court is satisfied that the *Vaughn* Index descriptions of the withheld information support the invocation of Exemption 5. For example, with respect to Document 39, Defendant has articulated that the redacted portions of the document "contain draft language being considered for inclusion in an agreement meant for internal consideration and discussion." *See* Revised Index at 40. Likewise, for Document 41, an email exchange between agency executives "discussing a repayment agreement waiver made to the agency by Southern Company," Defendant details that the exchange is "deliberative and pre-decisional because it

---

² Plaintiff had argued that the document in question did not "constitute attorney work product" and was not covered by the privilege because "the information has been or is later shared with third parties, as is the case here." Pl.'s Mot. at 11–12. Defendant ultimately agreed with Plaintiff's contention, explaining that NETL "reviewed the email again and determined that CIC is correct. The document has now been released in full." Def.'s Reply at 4.

5

contains internal NETL deliberations and recommendations to agency executives about the potential consequences of the proposed action." *Id.* at 42. Similar descriptions are provided as to the other documents at issue. *See generally id.* These explanations sufficiently establish that the material in question "was generated before the adoption of an agency policy" and "reflects the give-and-take of the consultative process." *See Coastal States*, 617 F.2d at 866.

Though the court is generally satisfied that the agency properly invoked Exemption 5 as to the seven documents at issue, the court cannot enter judgment in favor of Defendant just yet. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). A district court has "an affirmative duty to consider the segregability issue *sua sponte*," regardless of whether it was raised by the parties. *Morley v. CIA*, 508 F.3d 1108, 1123 (D.C. Cir. 2007) (quoting *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999)). Here, neither declarant Ann Guy nor any other DOE representative has made an affirmation about segregability review. *See generally* Suppl. Decl. of Ann C. Guy, ECF No. 37-3 [hereinafter Suppl. Guy Decl.]. As this court previously has held, for an agency to meet its segregability burden of proof, it must provide not only a detailed *Vaughn* index, but also an affidavit affirming that the agency performed a "line-by-line segregability review." *Rosenberg v. U.S. Dep't of Defense*, 342 F. Supp. 3d 62, 96 (D.D.C. 2018) (quoting *Citizen for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 160 F. Supp. 3d 226, 245 (D.D.C. 2016)); *see also Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776–77 (D.C. Cir. 2002). Because Defendant provides no affirmation of a line-by-line review, the court cannot grant Defendant's Motion as to the challenged documents withheld pursuant to Exemption 5.

IV.

Plaintiff also challenges Defendant's withholding of names of contractors contained in an otherwise produced agreement under Exemption 6. Pl.'s Mot. at 13–15. Exemption 6 shields "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Plaintiff argues that "Defendant agency has not provided a fully unredacted version of the 2008 Kemper Cooperative Agreement Modification 4, which Plaintiff has sought since 2015." *See* Pl.'s Reply in Supp. of Cross-Mot. for Summ. J. and Opp. to Def.'s Second Renewed Mot. for Summ. J., ECF No. 43 [hereinafter Pl.'s Reply], at 6 (emphasis omitted).

This dispute is now moot. In its Supplemental Brief, Defendant assures the court that it has now provided Plaintiff with a final signed copy of Modification 4 and released it to Plaintiff without any redactions. *See* Supp. Br. in Supp. of Def.'s Mot. for Summ. J. and in Opp. to Pl.'s Cross-Mot., ECF No. 44, at 2. Having heard nothing from Plaintiff to suggest otherwise, the court denies as moot the parties' summary judgment motions as to the names withheld from Kemper Cooperative Agreement Modification 4.

V.

Lastly, Plaintiff renews its challenge to the adequacy of the search performed by DOE. The court previously granted summary judgment in favor of Defendant as to its search, but Plaintiff asks the court to reconsider "[i]n light of new evidence provided through recent disclosures by Ms. Guy." Pl.'s Mot. at 15. Specifically, Plaintiff contends that new evidence shows that Defendant should have conducted separate searches of the Office of the General Counsel and Office of the Secretary. *Id.* The new information "includes evidence of an additional contact with and coordination with Southern Company through the Office of the Secretary that did not include

7

Fossil Energy or NETL," and suggests that "[t]he document sweep . . . failed to capture all of the Secretary's communications, including those it had with the Office of the General Counsel." *Id.* at 16. As a district court possesses "inherent power to modify or rescind its orders before final judgment in a civil case," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1888 (2016), the court reassesses its grant of summary judgment in light of this new evidence.

An agency must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Mobley v. CIA*, 806 F.3d 568, 580 (D.C. Cir. 2015) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The agency must "make more than perfunctory searches and . . . follow through on obvious leads to discover requested documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). "[I]f an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA to search barring an undue burden." *Id.* at 327. "[A]n agency cannot ignore 'clear leads that may indicate other offices that should have been searched.'" *Coleman v. Drug Enf't Admin.*, 134 F. Supp. 3d 294, 301 (D.D.C. 2015) (quoting *Rollins v. U.S. Dep't of State*, 70 F. Supp. 3d 546, 550 (D.D.C. 2014) (cleaned up). A lead "must be both clear and certain and so apparent that the agency cannot in good faith fail to pursue it." *Knowles v. U.S. Dep't of State*, 308 F. Supp. 3d 1, 7 (D.D.C. 2018) (quoting *Mobley*, 806 F.3d at 582) (cleaned up). Summary judgment is inappropriate "if a review of the record raises substantial doubt [as to the adequacy of the search], particularly in view of 'well defined requests and positive indications of overlooked materials.'" *Valencia-Lucena*, 180 F.3d at 326 (quoting *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). A search under FOIA is not unreasonable, however, "simply because it fails to produce all relevant material." *Mobley*, 806 F.3d at 583 (internal quotation omitted).

To support its contention that the Office of the Secretary should be searched, Plaintiff points to recently unredacted emails that show "additional meetings" and "direct communications" between Southern Company, one of the developers of the Kemper Project, *see* Mem. Op. & Order, ECF 21, at 2, and the Secretary's Office. *See* Pl.'s Mot. at 17–18. For example, in its motion, Plaintiff cites an email from an Office of Fossil Energy employee that references a meeting between Southern Company and the Deputy Secretary of Energy, as well as emails alluding to additional direct communications between Southern Company employees and Secretary Bodman. *See id.* In its reply, Plaintiff cites additional communications that fall into one of two categories. Pl.'s Reply at 9–14. First, there are documents indicating "direct contacts between Kemper project owners and Secretary Bodman's Office," which "point[] to activities taking place in the Office of the Secretary." *Id.* at 9. This category of documents includes emails referencing direct correspondence between Southern Company and Secretary Bodman, as well as email and in-person communications between the Governor of Mississippi and Secretary Bodman. *Id.* at 9–12. Second, there are documents indicating "contacts and activities in the Secretary's Office under [Secretary Bodman's successor] Secretary Chu outside of the Office of Fossil Energy and NETL purview," *id.* at 12, including Secretary Chu's correspondence with a Southern Company officer, the Mississippi Public Service Commission, and the Governor. "[S]uch contacts," argues Plaintiff, "logically lead to the creation of additional documents, likely ongoing conversations about the subjects that have been captured outside any formal collection system" and suggest that records such as "calendar invitation[s], meeting minutes, hand-written notes from a meeting, or [RSVPs] confirming the Secretary's attendance" likely were not captured by previous searches. *Id.* at 14.

The court agrees and will order DOE to search the Office of the Secretary for any additional, non-duplicative responsive information. Plaintiff has offered records indicating a

9

significant number of communications with the Office of the Secretary that are independent of the Office of Fossil Energy and NETL during the tenure of two different Energy Secretaries. *See id.* at 9–14. And while DOE's search has already turned up numerous communications showing the involvement of the Office of the Secretary, the previous searches would not have captured internal communications within the Office, such as documents reflecting "meetings between staff within the Office of the Secretary, records of phone calls, or other informal contacts with the Office of the Secretary." *Id.* at 15. Plaintiff thus has identified the sort of "clear lead" that indicates DOE's search was inadequate, *see Coleman*, 134 F. Supp. 3d at 301, and therefore the court finds it appropriate to order a search of the Office of Secretary.

The court, however, concludes otherwise with respect to the Office of General Counsel. According to Plaintiff, recent disclosures evidence "extensive work" on Southern Company's "tax issue" within the Office of the General Counsel, independent of NETL. Pl.'s Mot. at 19. But Plaintiff offers only two email chains between an attorney in the Office of General Counsel and personnel in the Office of Fossil Energy and NETL to support this assertion, and neither provides the type of "clear lead" that warrants a search of the Office of the General Counsel. *See* Suppl. Guy Decl. at 132, 202–205. At most, the emails show isolated work by the Office of the General Counsel on the Kemper Project. They do not suggest that a search would turn up additional responsive documents. Accordingly, Plaintiff's Motion is denied as to the requested search of the Office of the General Counsel.

## VI.

For the foregoing reasons, the court grants in part and denies in part Defendant's Second Renewed Motion for Summary Judgment and Plaintiff's Second Renewed Cross-Motion for Summary Judgment.

1. Both parties' motions are denied as moot as to Defendant's withholding of Document 22 under Exemption 5 and its withholding of an unredacted version of the 2008 Kemper Cooperative Agreement Modification 4 under Exemption 6. These documents have been released to Plaintiff.

2. Defendant's Motion is granted in part as to withholdings of Documents 39, 41, 42, 43, 44, 47, and 48, under Exemption 5 but denied insofar as Defendant has not established the absence of any segregable materials from these records. Defendant may file a supplemental declaration indicating it has carried out a segregability analysis.

3. Plaintiff's Motion is granted in part as to the adequacy of DOE's search. The court orders DOE to search the Office of the Secretary for any additional, non-duplicative responsive records, but it need not conduct an additional search of the Office of the General Counsel.

4. The parties shall file a Joint Status Report by January 8, 2020, that updates the court on Defendant's search of the Office of the Secretary and its segregability analysis.

Dated: December 6, 2019

Amit P. Mehta
United States District Judge